1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9

10

11

12

13

14

15

16

17

| | |
|---|---|
| MELINDA LYONS DUFFIELD, | ) NO. CV 12-10642-VAP (AS) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ACCEPTING FINDINGS, |
| | ) |
| CAROLYN W. COLVIN, | ) CONCLUSIONS AND RECOMMENDATIONS |
| Acting Commissioner of Social | ) |
| Security, | ) OF UNITED STATES MAGISTRATE |
| | ) |
| | ) JUDGE |
| Defendant. | ) |
| | ) |

18      Pursuant to 28 U.S.C. section 636(b)(1)(B), the Court has

19  reviewed the complaint, the records on file, and the attached Report

20  and Recommendation of United States Magistrate Judge.  After having

21  made a de novo determination of the portions of the Report and

22  Recommendation to which Objections were directed, the Court concurs

23  with and accepts the findings and conclusions of the Magistrate

24  Judge.  However, the Court addresses certain arguments raised in the

25  Objections below.

26

27      Defendant contends that the Magistrate Judge erred by failing

28  to consider whether substantial evidence supported the decision of

    the  Administrative  Law  Judge  ("ALJ")  to  deny  benefits  and  by

1 considering arguments that Plaintiff had not presented, ie., the

2 duty to develop the record.  (Defendant's Objections, "Objections,"

3 at 2-3).   Defendant also contends that the record was fully

4 developed, pointing out that the ALJ was not required to consult a

5 medical expert because Plaintiff requested a decision on the

6 evidence in the record. (Id. at 4).  Plaintiff concedes that, while

7 the ALJ did not have a duty to consult a medical expert or a

8 vocational expert,  once the ALJ acknowledged the need for a medical

9 expert, he was required to do so in order to fully develop the

10 record.  (Id. at 3-4).

11

12    The Court finds that the ALJ did not adequately develop the

13 record in this case by failing to consult a medical expert regarding

14 the effect of Plaintiff's infection on her claimed disability.

15 Although the regulations do not require the ALJ to obtain medical

16 expert testimony, here the ALJ stated, at the conclusion of the

17 administrative hearing, that he would be propounding interrogatories

18 to an immunologist in order to determine whether Plaintiff's

19 condition was equivalent to a listing (A.R. 69).  This indicates

20 that the ALJ did not consider the record fully developed on this

21 issue.  The ALJ subsequently issued interrogatories to a medical

22 doctor but failed to follow-up when that doctor did not respond to

23 the interrogatories.  Thus, the ALJ did not fully develop the record

24 in this case and the Court finds that remand is appropriate for

25 further consideration of this issue.

26

27    Defendant contends that the ALJ was not required to consider

28 the lay witness testimony of Plaintiff's husband because he was not

1  an "acceptable medical source" under the regulations and that his

2  testimony could therefore be disregarded for germane reasons.

3  Defendant claims that the ALJ gave germane reasons for discrediting

4  the testimony of Plaintiff's husband based upon its inconsistency

5  with the medical evidence and for the same reasons that the ALJ

6  rejected the Plaintiff's own testimony.  (Objection at 7-11).

7

8      Under 20 C.F.R. § 404.1513(d)(4), evidence from non-medical

9  sources such as spouses can be considered to show the severity of

10 a claimant's alleged impairments and the effect of the impairments

11 on a claimant's ability to work.  Here, the ALJ discredited the

12 statements of Plaintiff's husband because the statements were

13 unsworn and because of his "implied bias toward the claimant given

14 his interest in the outcome of the case." (A.R. 33).  As set forth

15 in the Magistrate Judge's Report and Recommendation, (1) the ALJ

16 erred in disregarding the testimony on these grounds; and (2) to the

17 extent the ALJ determined that the lay witness testimony was "not

18 fully consistent with the medical opinions and other evidence,"

19 (A.R. 33), this finding is insufficiently specific to support the

20 ALJ's decision to disregard the testimony. See Bruce v. Astrue, 557

21 F.3d 1113, 1115 (9th Cir. 2009).

22

23     The Court has reviewed and considered Defendant's remaining

24 Objections to the Report and Recommendation which are without merit

25 and do not cause the Court to reconsider its decision to accept the

26 Magistrate Judge's conclusions and recommendations.

27

28     Finally, Plaintiff's request that the case be assigned to a

3

1   different ALJ is meritless. (Response at 7-8).  Plaintiff has not

2   carried her considerable burden of demonstrating judicial bias.  <u>See</u>

3   <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) ("judicial rulings

4   alone almost never constitute a valid basis for a bias or partiality

5   motion . . . judicial remarks during the course of a trial that are

6   critical  or  disapproving  of,  or  even  hostile  to,  counsel,  the

7   parties,  or  their  cases,  ordinarily  do  not  support  a  bias  or

8   partiality challenge"); <u>see also</u> <u>Verduzco v. Apfel</u>, 188 F.3d 1087,

9   1089-90 (9th Cir. 1999) ("ALJs and other similar quasi-judicial

10  administrative officers are presumed to be unbiased").

11

12      IT  IS  ORDERED  that:  (1)  the  Report  and  Recommendation  is

13  accepted and adopted as the Findings of Fact and Conclusions of Law

14  herein; (2) the decision of the Administrative Law Judge is vacated;

15  and (3) the matter is remanded to the Social Security Administration

16  for  further  administrative  action  consistent  with  the  Report  and

17  Recommendation.

18

19      IT IS FURTHER ORDERED that the Clerk shall serve forthwith a

20  copy of this Order, the Magistrate Judge's Report and Recommendation

21  and the Judgment on counsel for Plaintiff and on the United States

22  Attorney for the Central District of California.

23

24      DATED: February 19, 2014.

25

26

27  _____

    VIRGINIA A. PHILLIPS

28  UNITED STATES DISTRICT JUDGE